UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENNETH M. ZINK,

    Plaintiff,

v.                                          Case No. 4:24-cv-9-AW/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's second amended complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's failure to disclose honestly and accurately his litigation history.

### I. BACKGROUND

**A.  Plaintiff's Complaint**

Plaintiff is an inmate in the custody of the Florida Department of Corrections. His FDC inmate number is "360229." Doc. 23 at 1. On or about November 23, 2022, Plaintiff initiated the present civil action in the Circuit Court in and for Wakulla County, Florida. On December 20,

2023, Plaintiff served Robinson. On January 11, 2024, Robinson removed this case to the United States District Court for the Northern District of Florida. Doc. 1.

### B. The Undersigned's Order to Amend the Complaint and Warning About Litigation History

After screening Plaintiff's complaint, the undersigned identified several deficiencies and ordered Plaintiff to file an amended complaint. Doc. 21. As relevant to the litigation history, the undersigned ordered Plaintiff to "**ensure he answers each question—including those about his litigation history—honestly and accurately**." *Id.* at 7. The undersigned warned Plaintiff that an "affirmative misrepresentation to the questions on the complaint form, including those regarding his litigation history, likely will result in the dismissal of this action." *Id.* at n.3.

### B. Plaintiff's Second Amended Complaint

On June 17, 2024, Plaintiff filed his second amended complaint. Doc. 23. In his second amended complaint, Plaintiff alleged that on October 12, 2021, Robinson kicked Plaintiff's walker, which caused Plaintiff to stumble and fall backwards. Doc. 23 at 5 ¶¶ 2, 5–6. Based on this incident, Plaintiff raised three claims: (1) Battery under Florida

Law; (2) unusual "cruel and unusual treatment and punishment," which the undersigned construes as a claim under the Eighth Amendment for excessive force; and (3) a claim against Dixon because he is Robinson's supervisor. *Id.* at 10. Plaintiff seeks damages and injunctive relief. *Id.* Plaintiff did not correct the deficiencies identified in the undersigned's order to amend the complaint.

## II. DISCUSSION

### A. Screening Under the PLRA

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to dismiss a prisoner complaint if the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation

Page 3 of 13

history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023).

B. **Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 23 at 11. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.*; *cf.* Doc. 21 at 7 n.3 ("An affirmative misrepresentation to the question on the complaint form . . . regarding his litigation, likely will result in the dismissal of this action.").

The complaint form asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

Doc. 23 at 12–13. Additionally, the complaint form instructs that if the plaintiff responds, "yes" to any of these questions, the plaintiff must disclose <u>all</u> responsive cases. *Id.* at 12, 13.

In response to these Questions, Plaintiff responded, "Yes." *Id.* He disclosed one state action. *Id.* at 13. He also disclosed three federal lawsuits filed in the District Courts for the Northern and Middle Districts of Florida. *Id.* at 13–14.

At the end of the complaint form, Plaintiff signed his name under the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 15–16. That is, Plaintiff represented he had filed only one state court case and had never filed any federal appeal.

## C.  *Plaintiff's Omissions*

The undersigned takes judicial notice that when Plaintiff filed his complaint, Plaintiff failed to disclose *at least* that he had filed the following appeal and state action:

- *Zink v. Sec'y, Fla. Dep't of Corr.*, No. 22-10682 (11th Cir.) (filed Mar. 2, 2022) (appealing the denial of Plaintiff's habeas petition); and

- *Zink v. Wheeler* No. 2020-CA-36 (Fla. Cir. Ct.) (dismissed with prejudice on Nov. 30, 2020) (civil action asserting that he received inadequate level of medical care while confined in the custody of the FDC).

These actions are attributable to Plaintiff because they bear his inmate number: 360229.

Furthermore, this case and appeal were responsive to Question C on the complaint form: his state case challenged the conditions of his confinement, and his appeal challenged his conviction. Because he failed to disclose the case and appeal in his complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

D.  <u>**The Materiality of Plaintiff's Omissions**</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their

ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

    The time that district courts are required to expend to verify cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew—from reading the complaint form and the undersigned's order to amend the complaint—that he was required to disclose *all prior cases* and *appeals*, including those that were filed in state court and those that challenged his conviction. Doc. 23 at 11, 13; Doc. 21 at 7. He also was aware that the penalty for failing to disclose his prior litigation history was dismissal. Doc. 23 at 11 ("***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***"); Doc. 21 at 7 n.3.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent he could not remember fully his litigation history or was unsure whether to disclose these cases, Plaintiff could have indicated that on the complaint. *See* Doc. 23 at 11 (advising litigants to err on the

side of caution about disclosing cases); *see generally* Doc. 23 at 14 (disclosing a district court case despite not having all of the information). He did not. Rather, he affirmatively stated that he had only filed one never filed any appeal.

In short, there is simply no justification for Plaintiff's failure to disclose these cases and others. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.  The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or

responses is to dismiss this case without prejudice. Because the incident giving rise to Plaintiff's claim purportedly occurred on October 12, 2021, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

Furthermore, no lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>18th</u> day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1;**

**28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**